ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 10 PM 2:57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEROME CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-034 |
| | ) | |
| HAROLD A. HINESLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in McDuffie County, Georgia. Because he commenced this action using the complaint form for litigants proceeding in the Superior Courts of the State of Georgia, which does not provide the information that the Southern District of Georgia requires, the Court directed him to re-file an amended complaint on the form used by incarcerated litigants in the Southern District. (See doc. no. 6.) Plaintiff has now filed an amended complaint in compliance with the Court's instructions. (Doc. no. 8.)

Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from

a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's amended complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the form complaint utilized by this Court requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[3] (Doc. no. 8, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he has never before brought any lawsuit in federal court. (Id. at 1-3.) Plaintiff also stated that he has never had a lawsuit where he was allowed to proceed IFP dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 3.)

However, the Court is aware of at least three § 1983 cases that Plaintiff previously commenced in federal court while he was incarcerated. See Curry v. Hughston, 2:11-cv-00487-HFF (D.S.C. April 19, 2011); Curry v. Young, 2:11-cv-01687-TMC (D.S.C. Nov. 8, 2011); Curry v. Charleston Cnty. Det. Ctr., 0:10-cv-02823-HFF (D.S.C. July 25, 2011). Moreover, Plaintiff was allowed to proceed IFP in Young, which was dismissed as frivolous pursuant to § 1915A.[4] See Young, doc. nos. 8, 14. Thus, Plaintiff clearly provided false information about his prior filing history in his complaint.

---

[3]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 8, p. 2.)

[4]Additionally, Plaintiff was allowed to proceed IFP in Hughston, which was summarily dismissed upon screening. See Hughston, doc. nos. 8, 10.

3

The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia, as well as the Eleventh Circuit. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*); Harris v. Warden, 498 F. App'x 962, 963-65 (11th Cir. 2012) (*per curiam*); Jackson v. Fla. Dep't of Corrs., 491 F. App'x 129, 132-33 (11th Cir. 2012) (*per curiam*); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (*per curiam*). Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction. Having determined that this action should be dismissed, the Court further recommends that Plaintiff's motion to add new defendants, his two motions for leave to file an amended complaint, and his Petition for Order be **DENIED AS MOOT**.[5] (Doc. nos. 7, 13, 16, 17.)

SO REPORTED and RECOMMENDED this 10th day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[5]Of note, while Plaintiff seeks to add new defendants or factual allegations, he does not seek to amend his amended complaint by disclosing his federal filing history in any of these motions. (See generally doc. nos. 7, 13, 16, 17.)

4