IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEROME CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-034 |
| | ) | |
| HAROLD A. HINESLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. nos. 22, 23). The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury by stating that he never before filed any lawsuits in federal court when he had in fact filed at least three. (Doc. no. 19, pp. 2-3.) As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Id. at 4.)

In his objections, Plaintiff primarily contends that he does not have three strikes for purposes of 28 U.S.C. § 1915(g).[1] (See generally doc. nos. 22, 23.) The Magistrate Judge did

---

[1] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is "commonly known as the three strikes provision." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549

not find that Plaintiff had three strikes, however, nor did he recommend that Plaintiff's complaint be dismissed pursuant to the three-strikes provision of § 1915(g). Plaintiff's objections in this regard are inapposite and accordingly lack merit.

Next, Plaintiff contends that he did not intentionally provide false information about his filing history, but that he misunderstood the complaint form to only seek information about federal suits he had filed in the year 2013 while he was incarcerated, "[d]ue to his lack of legal understanding of the law of Georgia and law in general concerning the filing of 1983 Civil Rights." (Doc. no. 22, p. 2.) The form Plaintiff used to draft his amended complaint specifically asks, "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?" (See doc. no. 8, p. 1 (emphasis added).) A separate question on the form asks, "While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" (Id. at 2 (emphasis added).) There is no indication on the form that only cases for the current year are required, as these questions unambiguously refer to Plaintiff's *entire* filing history in federal court. Indeed, the Eleventh Circuit, in an unpublished opinion, specifically rejected the contention that the question on the complaint form about prior cases involving "facts other than those involved in this action" was ambiguous. See Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*). The Court will not allow Plaintiff to escape sanctions for providing false information by offering implausible excuses. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Plaintiff's objections concerning the reasons he provided false information about

---

U.S. 199 (2007).

2

his filing history thus lack merit.

Finally, Plaintiff complains that the Magistrate Judge "preside[d]" over his case "without [his] consent." (Doc. no. 23, p. 2.) However, the Court finds that the Magistrate Judge made his Report and Recommendation pursuant to a valid referral and did not exceed his authority by *recommending* the disposition of this case without Plaintiff's "consent." See 28 U.S.C. §§ 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Loc. R. 72.3.

Plaintiff's remaining objections are likewise devoid of merit, and his objections are thus **OVERRULED**. As the Court has concluded all of Plaintiff's objections are devoid of merit, his request for a hearing on those objections is **DENIED**. (Doc. no. 23.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to add new defendants, his two motions for leave to file an amended complaint, and his Petition for Order are **DENIED AS MOOT**, (doc. nos. 7, 13, 16, 17), this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**.

Plaintiff also submitted three motions after the R&R was issued. (Doc. nos. 21, 25, 29.) In two of the motions, Plaintiff seeks to amend his complaint to raise new factual allegations, and also seeks equitable relief, (see doc. nos. 21, 29), while in the third, titled Motion for Summary Judgment, Plaintiff requests that the Court grant summary judgment in his favor, (see doc. no. 25). Plaintiff further submitted an Addendum to his Motion for Summary Judgment, and an Amended Petition for Order. (Doc. nos. 26, 28.) Nothing in any of these filings offers any basis for departing from the Magistrate Judge's analysis in the R&R concerning Plaintiff's dishonesty about his filing history, however. Moreover, as this case is now closed, Plaintiff's

additional motions are **DENIED AS MOOT**.[2] (Doc. nos. 21, 25, 29.)

Finally, among his filings submitted after the R&R was issued, Plaintiff requested that the Clerk of Court provide him copies of "all documents and pleadings" that he has filed in this case. (Doc. no. 25-1.) Plaintiff is not entitled to free copies of documents he previously submitted to the Court. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (28 U.S.C. § 1915 does not authorize courts "to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); Cardwell v. Gammon, No. 1:06-cv-58, 2007 WL 2683761, at *2 (M.D. Ga. Sept. 7, 2007) ("[P]laintiff's *in forma pauperis* status does not entitle him to free copies or allow him to avoid discovery copying costs."). Accordingly, to the extent Plaintiff requests free copies of his filings in this case, the request is denied. Copies of any Court record or paper may be purchased at a cost of $.50 per page from the Clerk of Court.

SO ORDERED this 13th day of August, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In the Addendum, Plaintiff also requests a "change of venue in this pending civil rights lawsuit." (Doc. no. 26, p. 2.) This request is likewise moot in light of this case being closed.

4